UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05467-GW-SK | Date | October 26, 2026 |
| Title | *Rafie Ollah Shouhed v. United States of America et al* | | |

Present: The Honorable **GEORGE H. WU, United States District Judge**

| | |
|---|---|
| Lesbith Castillo | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) TENTATIVE ORDER RE: MOTION TO DISMISS BANE ACT CLAIM [19]**

See attached tentative ruling.

- :

Initials of Deputy Clerk lca

***Rafie Ollah Shouhed v. United States of America***, Case No. 2:26-cv-05467-GW-(SKx)
Tentative Ruling on Motion to Dismiss Bane Act Claim

Before the Court is Defendant United States of America's (the "United States") Motion to Dismiss Bane Act Claim (the "Motion"). *See* Motion, Docket No. 19. The Court has considered the Motion, Plaintiff Rafie Ollah Shouhed's ("Plaintiff") opposition ("Opp.," Docket No. 20), the United States' reply ("Reply," Docket No. 21), and the First Amended Complaint ("FAC," Docket No. 18). For the reasons stated herein, the Court would **DENY** the motion.

## I. <u>Background</u>

This action generally concerns allegations by Plaintiff that his "various rights under federal and state law" were violated "in connection with federal agents' unjustified assault and use of force against [him]," specifically agents of the United States Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security ("DHS"), United States Border Patrol, and/or United States Customs and Border Protection ("CBP"). *See* FAC ¶ 1.

Plaintiff is an 80-year-old United States citizen. *See id.* ¶ 2. Plaintiff alleges that on September 9, 2025, "a group of masked, unidentified federal immigration enforcement officers" entered the car wash which he owns and operates. *See id.* During the course of his encounter with these officers, Plaintiff alleges that he was, among other things, "violently pushed," "grabbed [] by the neck," "forcefully body-slammed," "jumped on," and "forcefully handcuffed." *See id.* ¶¶ 2-3. Plaintiff alleges that during this encounter he "repeatedly told officers that he had a serious heart condition, that he had recently undergone heart surgery, that he had stents" and required medical help, which the officers denied. *See id.* ¶ 4. Plaintiff alleges that he was subsequently transported to the Metropolitan Detention Center in Downtown Los Angeles, where he was detained for approximately twelve hours "without medical care, without food, without access to his phone or family, and without explanation" before eventually being "released without charges." *See id.* Plaintiff alleges that after this encounter, he was taken to the hospital "where an ER assessment revealed that . . . he suffered bruised ribs," "multiple abrasions," "torn ligaments," and "post-concussive symptoms from a traumatic brain injury." *See id.* ¶ 5. Following diagnostic testing, Plaintiff alleges that he has been diagnosed with "traumatic brain injury, post-concussive syndrome, post-concussive dizziness," and "bleeding in the brain," among other conditions. *See id.* ¶ 6.

On May 21, 2026, Plaintiff filed his initial Complaint against the United States. *See* Docket No. 1. Following the parties' meeting and conferring on the United States' anticipated motion to dismiss Plaintiff's initial Complaint, the parties filed a stipulation to allow Plaintiff to file a first amended complaint. *See* Docket No. 16. On September 14, 2026, Plaintiff filed the FAC. *See* Docket No. 18. Plaintiff asserts claims for: (1) violation of the Bane Act under the Federal Tort Claims Act ("FTCA"); (2) assault and battery under the FTCA; (3) negligence under the FTCA; (4) intentional infliction of emotional distress under the FTCA; and (5) false arrest and false imprisonment under the FTCA. The United States moved to dismiss only the FAC's Bane Act claim under FRCP 12(b)(1) on September 24, 2026. *See* Docket No. 19.

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Dismissal pursuant to Rule 12(b)(1) is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Rule 12(b)(1) jurisdictional challenges can be either factual or facial. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone,* 373 F.3d at 1039.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, this Court lacks subject matter jurisdiction over a suit when: (1) the cause of action does not "arise under" a federal law or the United States Constitution; (2) the case is not ripe for adjudication; or (3) the cause of action is not one described by any jurisdictional statute. *See Baker v. Carr*, 369 U.S. 186, 198 (1962). Without a valid basis for federal subject matter jurisdiction over a claim, this Court must dismiss it.

## III. <u>Discussion</u>

### A. Plaintiff's Bane Act Claim Under The FTCA

Plaintiff's first cause of action is brought under the FTCA and the Bane Act, Cal. Civ. Code § 52.1. *See* FAC at 15. The United States' Motion "seeks dismissal of only Plaintiff's Bane Act claim" and appears to present two arguments: (1) that the United States has not waived its

sovereign immunity under the FTCA as to state constitutional tort claims which, it contends, encompass Plaintiff's claim notwithstanding its statutory basis and (2) that Plaintiff's Bane Act claim is outside the scope of the FTCA because it could not be brought against a private person. *See generally* Motion. In its Reply, the United States also separately argues that Plaintiff's Bane Act claim is duplicative of his other tort claims. *See* Reply at 5-6. The Court begins by providing a brief background on the FTCA and the Bane Act, and then evaluates these arguments in turn.

1. <u>The FTCA and Bane Act</u>

Generally, the United States enjoys sovereign immunity from civil suits. *See United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Nevertheless, Congress, by explicit waiver, may consent to suit in federal court. *See United States v. King*, 395 U.S. 1, 4 (1969). Under the FTCA, the federal government waived sovereign immunity as to "civil actions . . . for personal injury or death caused by the negligent or wrongful act of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA provides that the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 2674. The Supreme Court has construed "§ 1346(b)'s reference to the 'law of the place' [to] mean[] law of the State – the source of substantive liability under the FTCA." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). "The FTCA thus incorporates substantive state law as federal law to determine liability." *Bennett v. U.S.*, 44 F.4th 929, 933 (9th Cir. 2022).

The Bane Act is a California statute that imposes liability on "a person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(b). The Bane Act provides for actual damages, treble damages, and attorney's fees. *See* Cal. Civ. Code § 52(a).

2. <u>Analysis</u>

*a. Sovereign Immunity Waiver*

First, the United States contends that the FTCA's waiver of sovereign immunity does not extend to claims brought under California's Bane Act because, among other things, "[t]he conduct prohibited by the Bane Act sounds in constitutional law." *See* Motion at 2. "The question of

whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

The Court would agree with the United States insofar as it contends that the FTCA does not waive sovereign immunity for claims premised entirely on federal or state constitutional law. *See* Motion at 2-4 (collecting cases). As this Court previously acknowledged, while Bane Act claims premised on the federal constitution are impermissible, "cases are split as to whether a *state* constitutional violation may be the basis of a Bane Act claim against the United States brought under the FTCA." *Drinan v. U.S.*, No. 5:20-cv-01634-GW-(SHKx), 2022 WL 18228399, at *7 (C.D. Cal. Dec. 14, 2022) (emphasis in original); *see also Boules v. United States*, No. 2:23-cv-08891-CBM-(PVCx), 2025 WL 1718078, at *4 (C.D. Cal. May 29, 2025) ("the Ninth Circuit has yet to address whether Bane Act claims based on *state* constitutional violations are cognizable under the FTCA, and district courts are split as to whether such claims are barred."). This Court opted to adopt the reasoning of another court in this District which held that "Bane Act constitutional claims are not cognizable under the FTCA." *See id.* at *7 ("Rather than reinventing the wheel, this Court would substantially agree with the *Blanchard* decision in this regard."); *see also Blanchard v. County of Los Angeles*, No. 8:19-cv-02438-JVS-(DFMx), 2022 WL 17081308 at *3 (C.D. Cal. Aug. 25, 2022) ("Bane Act claim[s] based on the substantially equivalent provision of the California constitution would in effect allow [plaintiff] to sue the federal government for a [constitutional] violation, which is precisely what is prohibited."). Importantly, however, this Court did not hold that a plaintiff could *never* assert a Bane Act claim under the FTCA. To the contrary, it noted that "it might be possible to raise a state tort claim that would not be precluded," and dismissed the *Drinan* plaintiff's "FTCA/Bane Act claim . . . without prejudice as to whether [p]laintiff can allege an appropriate state tort ground." *See id.* at *8.

The United States contends that "Plaintiff's Bane Act claim is unique in that, despite Plaintiff's attempt to recharacterize it as one solely based on Cal. Civ. Code [Section] 43, the FAC is [nevertheless] premised on constitutional violations." *See* Reply at 2. But Plaintiff's Bane Act claim is explicitly *not* based on a federal or state constitutional provision. *See* FAC at 15. Rather, it derives exclusively from Plaintiff's "rights under California Civil Code Section 43, which provides that every person has 'the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.'" *See id.* ¶ 53. As a California

Court of Appeal has described it, Section 43 "codifies causes of action for false imprisonment, assault, battery, invasion of privacy, and a number of business torts." *See Gabrielle A. v. Cnty. of Orange*, 10 Cal.App.5th 1268, 1289 (2017).

The United States argues that Section 43 "exists solely as a recitation of rights available" and is therefore "akin and analogous to a constitutional provision." *See* Reply at 2. But it cites no authority for that proposition. In the sole case the United States cites on this point, *Mekhitarian v. Ramirez*, 2026 WL 1907090, at *2 (E.D. Cal. July 2, 2026), that court merely stated that Section 43 is "not an independent cause of action," that it "presumes [plaintiff] intended to assert this violation [of Section 43] under the Bane Act," and that such a claim should be dismissed because plaintiff had not alleged the requisite threats, intimidation, or coercion. The United States also contends that "[t]he conduct prohibited by the Bane Act sounds in constitutional law." *See* Motion at 2 (citing *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) ("[The Bane Act] does not provide any substantive protections; instead, it enables individuals to sue for damages as a result of constitutional violations."), *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997)). But that proposition cannot be squared with the plain language of the Bane Act; while a Bane Act claim may certainly be premised on the defendant's interference with the plaintiff's constitutional rights, it may also be premised on the defendant's interference with the plaintiff's statutory rights. *See* Cal. Civ. Code § 52.1(b) (imposing liability for a person who "interferes . . . with the exercise or enjoyment by any individual . . . of the rights secured by the [California] Constitution ***or laws of this state***") (emphasis added)).

The United States points the Court to *Reynoso v. Prater*, No. 13-cv-0718-AJB-(RBB), 2013 WL 5937223 (S.D. Cal. Nov. 4, 2013), as purportedly rejecting the argument which Plaintiff makes here, that he may sue under the FTCA for violations of the Bane Act premised on Section 43. *See* Reply at 2. Plaintiff also cites *Reynoso* as supporting his contention that a Bane Act claim brought under the FTCA premised on Section 43 may proceed. See Opp. at 8 (citing Reynoso, 2013 WL 5937223, at *4). There, the plaintiff brought FTCA claims under the United States Constitution, equivalent California Constitution provisions, and Section 43. *See Reynoso*, 2013 WL 5937223, at *3-4. The *Reynoso* court found that plaintiff's Bane Act claims, "to the extent premised upon violations of the United States Constitution, [were] improper" because they "amount[ed] to a claim based on federal constitutional violations, that in the first place, cannot be a basis of liability under the FTCA." *See id.* at *4. While the *Reynoso* court accordingly dismissed

with prejudice "[p]laintiff's FTCA claims [] premised upon alleged violations of the United States Constitution," it held that "Plaintiff's . . . FTCA claims, ***premised on state law***, may proceed." *See id.* at *3-4 (emphasis added). The *Reynoso* court did not explicitly analyze whether Section 43 may or may not be a proper basis for a Bane Act claim under the FTCA and, in fairness to the United States, the Court would view the contours of *Reynoso* as being somewhat unclear.

*Reynoso* therefore does not clearly resolve the issue presented here (and even if it did, it remains a non-binding and unpublished case). There are, however, two lines of authority which, taken together, in this Court's view, support allowing Plaintiff's claim to proceed. First, the Ninth Circuit, as well as other California district courts, have permitted plaintiffs to bring a claim under the FTCA based on alleged Bane Act violations which are in turn based on violations of state statutes. *See Xue Lu v. Powell*, 621 F.3d 944, 949-50 (9th Cir. 2010) (characterizing as a "viable tort claim" plaintiff's FTCA claim, based on the Bane Act, against the United States for alleged misconduct by federal officers); *Anonymous v. U.S.*, No. 16-cv-0725, 2017 WL 1479233, at *4-5 (S.D. Cal. Apr. 25, 2017) (describing *Lu* as "characteriz[ing] a Bane Act claim as a type of 'tort' and allow[ing] plaintiff to pursue the violation under the FTCA" and finding that "the United States' waiver of sovereign immunity in the FTCA encompasses [p]laintiff's causes of action for violation of the Bane Act and [various provisions of the California penal code]"). The United States, indeed, acknowledges in its Reply that courts, including the *Anonymous* court, have found that a plaintiff may "premise [its] Bane Act claim on alleged statutory violations of California law." *See* Reply at 1. Second, California district courts have also permitted plaintiffs to assert Bane Act claims based on Section 43 outside of the FTCA context. *See, e.g.*, *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1216 (N.D. Cal. 2014) (noting "several cases in which plaintiffs asserted Bane Act liability based on section 43 and courts elected not to dismiss those claims as a matter of law," and accordingly "allow[ing] [p]laintiffs to proceed on this theory of Bane Act liability"); *Bolbol v. City of Daly City*, No. C–09–1944 EMC, 2011 WL 3156866, at *7 (N.D. Cal. July 26, 2011) (denying defendants' "motion to dismiss the [Bane Act] claim based on a violation of § 43").

Taken together, these authorities support treating Plaintiff's Bane Act claim premised on Section 43 as a state tort claim within the FTCA's waiver of sovereign immunity. As detailed in the paragraph immediately above, courts have permitted Bane Act claims under the FTCA and have separately recognized Section 43 as a basis for Bane Act liability against private persons.

Here, Section 43 supplies the statutory right, and the Bane Act provides the means to enforce it. Plaintiff therefore need not establish a constitutional violation to prevail on this theory. Indeed, Section 43 codifies ordinary tort protections. *See Gabrielle A.*, 10 Cal.App.5th at 1289-90. That the same conduct giving rise to Plaintiff's Bane Act claim might also violate constitutional protections does not make Plaintiff's Bane Act claim a constitutional tort, any more than, for example, Plaintiff's assault and battery claim becomes a constitutional tort because the conduct giving rise to it might also constitute excessive force under the Fourth Amendment. Because Plaintiff has "allege[d] an appropriate state tort ground" for his Bane Act claim, the Court would not dismiss his claim on this basis. *See Drinan*, 2022 WL 18228399, at *7-8.

*b. Private Person*

Second, the United States contends that "Plaintiff's Bane Act claim is outside the scope of the FTCA because it could not be brought against a private person." *See* Motion at 4. The FTCA waives sovereign immunity only where "the United States, if a private person, would be liable." *See* 28 U.S.C. § 1346(b)(1). The FTCA therefore "requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability under the FTCA." *See United States v. Olson*, 546 U.S. 43, 45-46 (2005). The United States argues that "a private person cannot be liable for the violations under the [Bane Act]." *See* Motion at 4. The Court disagrees. The Bane Act explicitly covers "a person or persons, whether ***or not*** acting under color of law" who engages in the prohibited conduct. *See* Cal. Civ. Code § 52.1(b). Indeed, courts have found a Bane Act claim predicated on Section 43 cognizable against private persons. *See, e.g.*, *Campbell*, 75 F. Supp. 3d at 1220 (denying summary judgment "as to [p]laintiff's Bane Act cause of action predicated on a violation of [S]ection 43 of the California Civil Code" brought against Feld Entertainment, Inc., the operator of the Ringling Bros. and Barnum & Bailey Circus, a private party).

The Court finds the various cases cited by the United States, *see, e.g.*, Motion at 4-5, unpersuasive. As Plaintiff explains, "[c]ases rejecting Bane Act claims against private actors generally turn on the nature of the underlying right, not on a categorical state-action requirement in the Bane Act itself," for example, "[i]f the underlying right is the Fourth Amendment right to be free from unreasonable search or seizure, then state action may be required." *See* Opp. at 9. The Court agrees. Here, Section 43 provides for a private right to be free from false imprisonment, assault, battery, and other torts. *See* Cal. Civ. Code § 43. The non-binding, unpublished cases

cited by the United States involve cases in which a plaintiff premised its Bane Act claim on constitutional violations which *would* require state action and are therefore inapposite. *See, e.g.*, *Vasquez v. Cty. of Los Angeles*, 594 Fed. App'x 386, 387 (9th Cir. 2015) (noting that an "***excessive force*** claim under the Bane Act . . . requires state action") (emphasis added)); *Lewis v. Mossbrooks*, 788 F. App'x 455, 460 (9th Cir. 2019) (explaining that the claim "imports a ***constitutional violation*** – the use of excessive force – that could not otherwise be the basis for a claim against a private person") (emphasis added)); *Rivera-Vazquez v. Unknown U.S. Customs & Border Patrol Agents*, 2016 WL 1743379, at *1 (S.D. Cal. May 2, 2016) ("[U]se of ***excessive force in violation of constitutional rights*** is not a tort that a private person can commit") (emphasis added)); *Reynoso*, 2013 WL 5937223, at *3-4 (dismissing the claims "to the extent . . . premised upon alleged violations of the United States Constitution," while holding that "[p]laintiff's FTCA claims, premised on state law, may proceed").

The Court does not find that *Villarruel v. United States*, No. 16-cv-2885-CAB-BGS, 2017 WL 2733930 (S.D. Cal. June 26, 2017), compels a different result. The United States cites this non-binding case for its language that "even violations of state law and the State Constitution, [the Bane Act] cannot be the basis of an FTCA claim, which subjects the United States to liability of a 'private person.'" *See id.* at *10. Unlike here, the *Villarruel* plaintiff premised its Bane Act claim exclusively on the United States and California Constitutions. *See Villarruel*, No. 16-cv-2885-CAB-BGS, Docket No. 13 (Amended Complaint) ¶¶ 58-64. *Villarruel* relied on *Jones v. Kmart*, 17 Cal.4th 329, 335-36 (1998), in which the California Supreme Court recognized that "there is no state action requirement [in the Bane Act] per se," but distinguished "rights that only the state or its agents can violate." *See id.* at 336-37. For example, in *Jones*, the plaintiff's Bane Act claim was premised on his rights "against unreasonable search and seizure" granted by the Fourth Amendment and an equivalent provision in the California Constitution. *See id.* at 333-34. Those rights applied "only against the state or its agents," and thus the plaintiff would need to show state action. *See id.* at 333-34, 337. Section 43 contains no such limitation.

*c. Redundancy*

The United States contends, for the first time in its Reply briefing, that "Plaintiff's Bane Act Claim is redundant and provides no additional remedy to plaintiff." *See* Reply at 5. It contends that "assuming Plaintiff did not intend for his Bane Act claim to function as an independent claim for excessive use of force or other constitutional torts, Plaintiff's Bane Act claim appears to be a

duplicitous and 'redundant' allegation of assault and should be stricken pursuant to Fed. R. Civ. P. 12(h)." *See id.* The United States did not appear to raise this argument in its opening brief. *See generally* Motion. A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)); *see also Alcon Entertainment, LLC v. Tesla, Inc.*, No. 2:24-cv-09033-GW-(RAOx), Docket No. 61, at 14 n.11 ("The Court does not address arguments raised for the first time in a Reply brief where there is no reason those arguments could not have been set forth in initial motion papers (thereby giving an opponent an opportunity to respond).").

The United States' redundancy argument rests entirely on the FAC's allegations, which it was unquestionably aware of when filing its opening brief. *See* Reply at 5. Because Plaintiff has had no opportunity to respond to this argument, the Court need not address it in detail at this point. *See Est. of Hernandez-Rojas v. U.S.*, No. 11-CV-0522-L DHB, 2013 WL 5353822, at *3 (S.D. Cal. Sept. 24, 2013) ("The [c]ourt does not reach [defendant's argument that plaintiffs' Bane Act cause of action duplicates second, third, fifth, sixth, and seventh cause of action in the TAC] on the merits because [d]efendant has improperly raised them for the first time in its reply, thereby depriving [p]laintiffs of the opportunity to respond.").

That said, on a cursory review, the Court would note that it does not find this argument persuasive. Plaintiff's Bane Act claim requires proof beyond that which is necessary for his common-law assault and battery claim: interference with his statutory rights through threats, intimidation, or coercion. *See Campbell*, 75 F. Supp. 3d at 1217 (separately considering whether a violation of Section 43 "was accompanied by actual or attempted threats, intimidation, or coercion, the Bane Act's second prong"). That the same alleged conduct may support both claims does not establish that these distinct theories of liability are redundant. The United States therefore "has not shown Plaintiff['s] Bane Act cause of action to be duplicative of [his] other causes of action sounding in tort." *Est. of Hernandez-Rojas*, 2013 WL 5353822, at *2-3 (noting plaintiffs' argument that "the elements of a [Bane Act] cause of action are distinct from the [plaintiffs'] other tort causes of action [including assault and battery]").

The United States argues that there exists an "incongruence of the Bane Act's remedies with those allowed under the FTCA" which "further erodes Plaintiff's contention that his Bane Act claim survives sovereign immunity." *See* Reply at 5-6. As the United States notes, the FTCA explicitly provides that the federal government shall not be "liable for . . . punitive damages," *see*

28 U.S.C. § 2674, and the Ninth Circuit has stated that attorneys' fees are not recoverable under the FTCA, *see Anderson v. U.S.*, 127 F.3d 1190, 1191 (9th Cir. 1997). The Bane Act permits plaintiffs to recover actual damages, treble damages no "less than four thousand dollars," and attorney's fees. *See* Cal. Civ. Code § 52(a). While attorney's fees would appear not recoverable, the question of whether treble damages are recoverable depends on whether those damages would be properly deemed "punitive damages" under "traditional common-law principles." *See Molzof v. U.S.*, 502 U.S. 301, 312 (1992) ("We conclude that [the FTCA] bars the recovery only of what are *legally* considered 'punitive damages' under traditional common-law principles."). The United States has not provided briefing on that issue, and as explained above, Plaintiff has had no opportunity to respond. Moreover, even if Plaintiff's recovery of attorney's fees and treble damages were barred under the FTCA, he may still recover actual damages under the Bane Act. *See Klein v. City of Laguna Beach*, 810 F.3d 693, 696 n.2 (9th Cir. 2016) ("The Bane Act allows recovery for 'actual damages' and treble damages.").

## IV. Conclusion

Based on the foregoing discussion, the Court would **DENY** the Motion.